■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FERNANDO SERRANO, Appellant.— Order, entered on January 2, 1963, affirmed. Concur — Rabin, J. P., McNally, Steuer and Bastow, JJ.; Valente, J., dissents in the following memorandum: I dissent and would remand the application for a writ of *coram nobis* to the Supreme Court, Bronx County, for a trial of the issue raised by the petition as to the request for a withdrawal of the plea of murder, second degree. The petition has annexed to it a copy of a letter which defendant avers he sent to the Trial Judge, before the date of sentence, requesting permission to withdraw his plea. The affidavit in opposition of the Assistant District Attorney makes no mention of the petitioner's contention with regard to the requested withdrawal of the plea. The opinion of the court below, denying the application, is equally silent on that issue. In fact, no mention was made by the sentencing Judge about the receipt of such a letter from defendant. Petitioner claims he did not bring it to the court's attention, at the time of sentence, because assigned counsel warned that any attempt to do so would result in a more drastic sentence. If indeed such a letter was sent, there should have been a disposition of the application. The present state of the record does not indicate whether the Trial Judge or anyone in his office ever received such a letter or of the circumstances under which the letter is claimed to have been transmitted. However, if petitioner's effort to obtain a withdrawal of his plea was frustrated

because of carelessness, willfulness or accident, he has been denied a substantial right. A hearing is necessary to determine whether petitioner did make timely application to the trial court requesting permission to withdraw his guilty plea; and if so, the conviction should be vacated and defendant should be allowed to make his motion on the record. At such time, there could be proper consideration of the reasons advanced for withdrawing the plea. Then if the motion to withdraw is denied defendant would have a right to appeal the judgment upon a proper record.